IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF HL-GA BATTERY COMPANY, LLC, LOCATED AT 9730 US HIGHWAY 280, ELLABELL, GEORGIA 31308, AND CERTAIN PERSONS LOCATED THEREIN | Case No. 4:25-MJ-81 |

**GOVERNMENT'S MOTION TO UNSEAL WARRANT**

The United States of America respectfully moves the Court to unseal a redacted version of the search warrant, Doc. 4, in the above-captioned case, showing the Court as follows:

1. On or about August 31, 2025, a search warrant in the above-captioned case was issued. Doc. 4. The search warrant application, search warrant affidavit, search warrant attachments were sealed based upon a motion of the United States to seal pursuant to S.D. Ga LR Crim. 49.1 until the execution of the search warrant. Docs. 1-2.

2. On September 4, law enforcement executed the search warrant in the above-captioned case. Because law enforcement has now executed the search warrant, the United States moves to unseal a redacted version of the search warrant and search warrant attachments, attached hereto, to remove personal identifiable information.

3. The United States maintains that the search warrant application and supporting affidavit, doc. 3, should remain under seal as this investigation remains on-going.

4.      Publication of the search warrant application and affidavit would likely compromise this on-going investigation and otherwise cause negative impacts as referenced in 18 U.S.C. § 2705(a)(2). Particularly, this investigation concerns the hiring of hundreds of illegal aliens as described in the affidavit and the identity of the actual company or contractor hiring the illegal aliens is currently unknown. The disclosure of the affidavit and identity of the possible employers could cause destruction or tampering with evidence, and otherwise seriously damage the investigation.

5.      The United States maintains that the search warrant application and affidavit, doc. 3, should remain under seal unless and until contrary order of the Court for several reasons. First, investigators and prosecutors are aware criminals, and criminal organizations circulate investigative materials, including the type listed above, for the purpose of evading future law enforcement detection and enforcement. Public disclosure of these materials will likely undermine this and future investigations as a result. Second, for persons who have not been charged with a crime, the disclosure of the search warrant application and affidavit, including information about the focus of employers listed in the affidavit and information developed in a criminal investigation, may create an unfair outcome, as they have no formal way to rebut the materials. LR Crim. 49.1(b)(1)(A), (B).

6.      The United States further requests that search warrant application and supporting affidavit be unsealed 15 days after the entry of judgment for the last

defendant sentenced in any future criminal prosecution, unless a contrary order is entered by the Court continuing the sealing in this case.  LR Crim. 49.1(b)(1)(D).

WHEREFORE, the Government respectfully moves the Court to grant this Motion to unseal a redacted version of the search warrant and search warrant attachments, attached hereto, to remove personal identifiable information.

          MARGARET E. HEAP
          UNITED STATES ATTORNEY

By:   */s/ Tania D. Groover*
      Tania D. Groover
      Assistant United States Attorney
      Georgia Bar No. 127947
      Post Office Box 8970
      Savannah, Georgia 31412
      Telephone: (912) 652-4422
      Email: tania.groover@usdoj.gov